## JOSEPH BONDURANT v. COMMONWEALTH.

**Intoxicating Liquors—Tippling-house—Instruction.**

Under § 1, art. 4, ch. 99 (2 R. Stat. 411), relating to the keeping of tippling-houses, an instruction that if the jury believe from the evidence that defendant suffered or permitted his brother to sell whisky in defendant's house more than once in any quantity, which defendant suffered or permitted to be drunk in a house about 40 yards from the place of sale, he is guilty of keeping a tippling-house, and the jury should so find, in the absence of proof that accused was licensed to sell by the drink, is erroneous, since the liquor was not drunk on the premises where sold or on premises adjacent thereto.

### APPEAL FROM MARSHALL CIRCUIT COURT.

#### December 7, 1872.

---

---

OPINION BY JUDGE PETERS:

The appellant was indicted, and tried in the court below for keeping a tippling house.

On the trial the jury were on motion of appellee charged by the court in Instruction No. 2,

That if they believe from the evidence that defendant suffered, or permitted his brother to sell whiskey in defendant's house more than once in any quantity, which whiskey defendant suffered or permitted to be drunk in a house, or shop about forty yards distant from the house, when sold, he is guilty of keeping a tippling house, and they should so find, unless he proves that he was licensed to sell by the drink, and that although he may have merchant's license, he is guilty, if he did not have other than his merchant's license.

This instruction was erroneous. By Sec. 1, Art. 4, Chap. 99, 2 Vol. R. S. 411, it is provided that, any person unless he shall have a license therefor, who shall sell in any quantity wine or spirituous liquors, or the mixture of either, in any house to be drunk therein, or on, or adjacent to the premises where sold or sell the the same, and it shall be so drunk, shall be deemed guilty of keeping a tippling house, and fined the sum of sixty dollars. It certainly can not, as a legal or mathematical proposition, be maintained that a house or shop within forty yards of a house where whisky is sold without other evidence is on premises adjacent, or contiguous to, or touching (all of which mean the same thing), said house or premises but such is the effect of the instruction given by the court. Several houses, or premises may intervene and such is the case frequently as universal observation and experience teach us all—therefore, as appellant was not guilty unless the whisky was drank on the premises where sold, or in a house, or on premises adjacent to or touching the place where sold, the instruction quoted was erroneous and prejudicial to appellant.

Wherefore the judgment is reversed and the cause is remanded for a new trial and for further proceedings consistent herewith.

*J. C. Gilbert, for appellant.*
———— *for appellee.*